The United States Court of Appeals for the Federal Circuit is now open and in session. God save the United States and this honorable court. Good morning, everyone. We have a busy morning this morning. We have four cases set for argument. Our first case is SPECT Technologies, Inc. v. WE, case number 20-1283. Mr. Finster, you have reserved four minutes of your time for rebuttal. Is that correct? Yes, Your Honor. Okay. You may proceed, please. Thank you, Your Honor. Good morning and may it please the court. The court should reverse summary judgment of non-infringement because the court erred by concluding that no jury could resolve the fact question of whether the block diagrams identified at 4643-4659 are equivalent to the corresponding structure of the interface control device or ICD in SPECT's favor. The court should also reverse the finding that the means for providing element is indefinite because the 802 specification clearly links structure, namely the memory section 612A, to the recited function. I'll start with the summary judgment of non-infringement. The means for mediating has a corresponding structure of the ICD interface control device. This is circuitry within the peripheral device for connecting a host, encryption or security, and target interfaces such that the data must pass through encryption before being stored on the target. For each of the accused products, Dr. Ryan identified the overall structures depicted in the color-coded block diagrams at 4643-4659 of the appendix. sufficient evidence to support a jury conclusion that those are equivalent. WD, in its red brief, does not seriously contend whether it's a fact question, but rather whether Ryan identified those overall structures as the corresponding structure at all. And your honors, he did. So, starting at 3189, paragraph 101, Dr. Ryan identifies the Gannett SOC, that's the system-on-a-chip. And at 102, at 3190, he says, interface control device 910, as shown above, corresponds to figure 1 labeled block diagram on WD, and there's a base station for the Gannett specification. Counsel, this is Judge Stoll. I have some questions for you about this very issue. On the infringement issue, I understand that you're arguing that the structures are equivalent. Are you arguing that the structures are the same, or are you arguing that they're equivalent, or are you arguing both? No, that they are equivalent, both for literal and for DOE. I understand. Okay, thank you. And then, with respect to Dr. Ryan's testimony, where is it, when I read his testimony, I do see where he's identifying different elements in the acute system that perform certain functions or do certain things. But I don't see where he's done some sort of insubstantial differences analysis or any kind of function-way result analysis in order to be able to show equivalence. I'm wondering, what part of Dr. Ryan's testimony are you relying on for equivalence? Yes, Your Honor. So, he goes through for each product and first identifies the block diagram, the overall structure that performs the identical function, and it's undisputed that those structures do perform the identical function. So, for example, that's shown for the first product, the Ultrastar HE10 at paragraph 101, where he says the Gannett SOC is designed to perform the function. I have read that testimony. What I'm curious about is, so that's function. So, what about way and result? Where is that discussed? So, that's discussed for each of those products in paragraphs. For that product, it's in paragraphs 102 through 124, where he goes through and identifies how the elements that he's identified as corresponding structure correspond to those in the ICD and how that does the function. I'm having a hard time seeing that. Go ahead, Judge Clemenger. I didn't mean to interrupt. Page 102-104, what page in the joint appendix is that, please, sir? Yes, Your Honor. So, page 102 is at 3190, and then the structural equivalence is at paragraphs 102 through 124, which is at 3189 through 3196. That's for the first one. He does the same for the next one. It starts at paragraph 236, which is 3217, and the equivalence analysis is at 3217 through 3221. For the next one, he identifies the overall block diagram at 3244, and the paragraph... I don't see a line on any of those pages. Well, Your Honor... It's a whole mess of material. I'm just looking for, in a particular paragraph, a particular line that would help me. So, Your Honor, the way this is structured is at paragraph 101, he identifies the structure. At 102, he identifies the corresponding structure. And then at paragraphs 103 through 124, and he does this for each of the products, he goes through and shows the correspondence of the host to... Yeah, I understand that, but I'm coming back with more specificity to the question that Judge Stahl asked. So, I'm looking for where Dr. Ryan is giving us the equivalence view. So, that word is key, so you can no doubt, if you can find it, you should point it out to me. Your Honor... So, he does go through and identify that the host blocks within the accused product are equivalent to the host in paragraph 910. Pick a paragraph number and give me a count the line and show me where it is, please. Yes, Your Honor. So, at first, he has the... So, at paragraph 104, this is on page 3190, he identifies the PCMCI. This is in the Gannett functionality. This is located in the host interface block. And... So, he's saying that the host interface block is equivalent to the PCMCIA. Give me the line where it says that. That word. Yeah. Your Honor, I think that he doesn't... I'm not sure that he uses that word in this section. This is the way the appendix is put together. There's a means for security. The security means is up above, and he does identify those as being equivalent. The host means is shown as equivalent. I don't see that identification as, quote, equivalent, close quote. Yeah, his analysis goes through and explains that it is doing the same functionality, and he's showing the correspondence. He does not use the exact language equivalence, at least not that I'm seeing. I do think it's in here, Your Honor, but I'm not... Counsel, this is Judge Stoll. Does he use the words way or result or, in some way, talk about whether the differences are substantial or not? Does he use those specific words, substantial or insubstantial differences? Does he use the word way, and does he use the word result anywhere? I don't see it anywhere. Your Honor, I don't think that it does. What he did is he showed that the PCMCIA is the same as the host, that it does the same function, and that it does it the same way. The analysis is to show the correspondence between the accused block diagram and the 910. So, if you go to 4643... Counsel. Yes. Counsel, can I ask you another question? So, he's saying that the accused serial host interface is the structure that is identified in the accused product as being the infringing element for element 9, structure 910. Isn't that right? Yes, Your Honor. And then he identifies specific things within that serial host interface in the accused product that correspond to other things inside interface 910, right? Yes, Your Honor. Does he ever do any sort of overall analysis of why it is that the serial host interface in the accused product is equivalent to overall the product, the interface 910? I mean, I see him identifying specific component parts and saying these correspond to this, but he never says anywhere that despite, you know, there being apparent differences, because he's not arguing they're the same, he never says those differences are insubstantial, right? He explains why they're insubstantial, and if Your Honor will just compare 4643, just that one page, that color-coded page, what it shows is that the host, shown in blue, is connected to the encryption, shown in pink, shown through green. And when you compare that to the ICD, which is what he does, that raises a genuine issue of fact as to whether that's equivalent to the ICD. And what he says at the end of each one of these sections is after doing that analysis, he says if the Gannett chip is found not to be equivalent of 9B, so he is doing that analysis. He's saying that the Gannett chip or the Goliath SOC is equivalent to the figure of 9B, and if it's not for literal infringement, it still infringes under the doctrine of equivalence. Your Honor, I want to just touch briefly on the means for providing. This is Judge Reina. Be brief because you're into your rebuttal time right now. Yes, Your Honor. Your Honor, the specification clearly links element 6112A to the corresponding function, and I'll point, Your Honors, to column 7 at lines 62 through 65, column 8, lines 9 through 14, and at column 8, line 15, and lines 40 through 45. All of this is supported. It says that the peripheral device can be implemented by placing the peripheral identification data in 612A. Gomez declaration at appendix 983 is unrebutted, which says to one of skill in the art that clearly links the corresponding structure. Unless Your Honor has any questions, I'll reserve the remainder of my time. Okay. Thank you. Let's hear from Mr. Cote. Did I pronounce your name correctly, sir? It's Mr. Cote, close enough, Your Honor. Cote. Okay. May it please the Court. Your Honor, I had a longer argument prepared to respond, but I think Judge Stoll hit the issue right on the head. At the end of the day, there is no evidence anywhere in the record of a comparison of an overall structure in the accused product against the corresponding structure identified in the patent, which is interfacial. This is Judge Dorena. So if we look at 3193, at paragraph 113, and there it says that if the Gannett chip is found not to be equivalent of figure 9B for the purposes of literal infringement, it says it still infringes under the doctrine of equivalence. So your friend on the other side was being asked where do we find the words equivalence and an actual statement of whether there's equivalence or not. Why doesn't this suffice for that purpose? Well, I think there's a couple of things, Your Honor. First, I think Judge Stoll was correct when she identified that there's no references to the resulting weigh test actually being performed. But more importantly, the fundamental issue is you have to first identify what the overall structure is, and then once you have done that, then you can perform the insubstantial differences test with respect to the elements that are within the overall structure of the accused products. And that analysis is the same regardless of whether or not we're talking about literal infringement or the doctrine of equivalence. You still have to do that. But do you have to do that in terms of summary judgment? If you're just trying to show that there's genuine dispute over a material fact, is it not enough? And I'm asking, is it not enough simply to point to the different elements that compose or comprise the entire structure? Well, it's not enough, Your Honor, because what they haven't actually done is point to all of the elements that allegedly comprise the structure. For example, let's take an example and make this a little bit more concrete if we might. So if you were to turn to page 21 of the blue brief, for example, you will see a couple of figures that are identified by opposing counsel. And in those figures, they circle a red box. And the red box includes a number of different elements within it. Some of them are colored in, some of them are not. What page are we on? Page 21 of the blue brief, Your Honor. Okay, I got it. And you can see that there are some elements here that are colored and some that are not colored. Had Dr. Ryan actually identified an overall structure as represented by specs of counsel, that he would then have to correspondingly perform an insubstantial differences analysis with respect to the elements that he ignores that are not colored in. That never occurs. There is no record citations by specs on that, and there are no record evidence in the expert report or testimony of Dr. Ryan on those issues. So we never actually get to the operative legal test, which is a comparison between the overall structure that is identified and the corresponding structure interface control device, 910. We're talking about summary judgment. To what extent do you have to actually prove the infringement? Is it enough to raise an initial material fact? Well, it has to be a genuine dispute of material factor. There are two things that are here. Number one, to be a genuine dispute, it has to be raised on actual evidence and not just conclusory statements and allegations that are made by opposing counsel in argument. And number two, it has to actually be a genuine dispute of material fact. And for it to be a material fact, you actually have to address the operative legal test. There is no dispute in this case that the operative legal test requires a comparison of the overall structure in the accused product against the corresponding structure in the asserted patent. And what SPECS is asking and urging the court to do is basically to adopt a standard that would ignore the forest and focus instead solely on a scattered group of trees within the forest. And what you get as a result of that... Counsel, this is Judge Stoll. Counsel, also, doesn't this legal analysis have to use the proper legal test, including function rate result test or insubstantial differences test, and actually address those types of tests and evidentiary burdens? I could not see it better myself, Judge Stoll. I would like to ask some questions about the second issue, if it's okay to turn to that now. Of course. I want to ask about indefiniteness. You know, the patent specification pretty clearly says that the peripheral can assume the identity of the target functionality. And it also pretty clearly says that the peripheral device has a memory section called 612A that stores the type of the peripheral device. So my question for you is this. If a POSA reading this specification, what would a POSA, person of ordinary family or reading specification, think was stored in memory 612A in the embodiment where the peripheral wants to identify itself as the target functionality to the host computer? Correct. So that is generally described, Your Honor, in the 802 patent. I'll give you one moment to find the proper citation. It's in columns 7 and 8 probably. Yes, you are correct. So I'm looking right now at column 7, starting at about line 17. That is the general way that the device would identify itself. There would be peripheral device information that would be stored in 612A, and it would then identify itself as the peripheral device. That is the normal course that was known in the prior art already. Right. And then in column 7, lines 39 through 40, says that the peripheral device can assume the identity of the target functionality. So why wouldn't the target functionality be stored in memory 612A? Correct. So, Your Honor, what that statement is about is a goal. It is not the result. So that's a goal or the function that's being described. But what the patent actually has to disclose is the structure for performing that. And in order to get there, I think it's important to note that during the prosecution of this patent, SPECS's counsel acknowledged that the reason why this patent was granted was the means for providing limitation. So it's an acknowledgement that this was already something that was not known in the art, and that's the reason why this claim was granted. So if that is the case, it makes no sense for a person of ORA skill in the art reading the patent to understand on their own accord how it could be that the structure is identified in the patent. If the patent itself is a disclosure. Do you agree with me that column 8 lines, let me see, I think it's like 13 through 15, says the memory section 612A, the peripheral device stores the peripheral device identification data? Correct. It says the peripheral device identification data, but does not say the target identification data. The very next sentence says the peripheral device can be implemented so that the peripheral device assumes the identity of the target functionality. Again, that is the goal, Your Honor, but it does not identify the structure that is required for it. And in this case, we don't have to guess. Judge Clevenger, could I interrupt, please? Of course, Your Honor, I'm sorry. The elephant in the room here for you, I'm sorry to tell you, is Gomez, Mr. Gomez's testimony on behalf of one of Ordinary Skill in the Art. And you didn't put an expert in to counteract what he said, and I would refer you to our binding precedent in the all voice case, which is at 504-Fed3-1236, in particular at 1246. We're in a case that's essentially on all fours with this. We held that in a situation like this, where there is posted testimony supporting the patentee and there's no counter-testimony, the patentee wins. I don't see how you can get past Gomez. And so let me give you... And what you've been talking to Judge Stahl about is your attorney view of what a POSA would think, but you're not qualified to testify to that effect. So what do you have to say about Gomez? So two things, Your Honor. First, per Williamson and Omega Engineering, there's no question that the testimony of one of Ordinary Skill in the Art cannot supplant the total absence of structure from the specification. That is a quote from Williamson, and that's exactly what SPECT is trying to do in this case. Okay. So what happens if we disagree with you on the total absence point, and we say we think there is some evidence, at least in the SPECT, of structure corresponding to the means limitation? Then you're on all fours with all voice, and I think from my perspective you lose. So if you give me one second, Your Honor, and I recall that one of the cases that's actually cited here in the And the court found, in fact, that that expert's testimony did not overcome the fact that the patent did not describe the structure that it needed to describe. So give me one moment, if you would. Right. And the other point that I would raise before I find that case, Your Honor, is that without a basis in the specification, an expert's testimony cannot create a genuine dispute of material fact. Counsel, can I ask you another question, which is, I believe you've admitted that the disclosure in the 135 patent is sufficient for disclosing the corresponding structure. Is that right? And the only dispute there is, which is a pretty big dispute, is about incorporation by reference, right? That is correct, Your Honor. If you go and look at the 135 patent, you'll see that in order to transfer the target information data into 612A, you have to use a couple of processors that are found at different parts of the circuitry, including within the target means, in order to make that happen. I don't. Can you show us? I have the 135 disclosure in front of me, and I'm comparing it to the 802, and they're verbatim quite a ways down in terms of the expectation. I'm looking to see where there's daylight between the two. Can you point to me in the 135 where there's language that you believe is satisfactory that it's absent in the 802? Yes, give me one moment, Your Honor. So if you go to the 135 patent, and it's column 11, starting at line 16, line 16 through what? So line 16 through line 39. And what's described there is that upon application of power to the modular device, there's a startup program that runs. And with that startup program running, it has to call upon the microprocessor in the target means, which is 620, to access memory section 617 and transfer target device information from memory 617 through input, output interfaces 614 and 618 until finally making its way back into 612A. All of that circuitry is required in order to respond to a request for peripheral device information and provide not peripheral. Is that the only difference between the 135 and the other one? That is the primary difference with respect to the structural identification, Your Honor. That's where you hang your hat to say that there's a difference between the two. Yes, Your Honor. Okay. I believe I heard the tone, but I want to ask my colleagues if they have any other questions before we move on. I have one more question. Thank you. Yes. I just want to know if this is what you argued to the court below. If you argued to the court below that the corresponding structure in patent 135 is all of these different elements you've identified today, including the interface 618, the module 610. Did you argue that to the district court? Absolutely, Your Honor. Okay. Thank you. Mr. Klinger, do you have any other questions? No, thank you. Okay. Then let's hear from Mr. Finster. Mr. Finster, you have four minutes. I'm going to show you a four-minute rebuttal. Thank you, Your Honors. I'll start with the means for providing. If Your Honors have any questions, the all-voice case is directly on point. They don't have a response to Mr. Gomez, Mr. Cote's referral. I think he was referring to the default. Proof credit card case where there was an expert that could not supplant where there is no evidence or zero structure. And here, as Judge Stoll pointed out and as we pointed out, there is corresponding structure in the 802, which is that memory section 612A. Unless Your Honors have any other questions, I'd like to respond on the means for mediating. So with respect to the means for mediating, and I apologize I didn't have this before, I do want to point, Your Honors, to paragraphs 95, 97, for the equivalence analysis between, for example, the host functionality. It's at 3187 for paragraph 95. 97 is at 3188. And then it refers to equivalent structures at paragraph 112 on 3192 and again at 113 at 3193. Now, the analysis, I acknowledge that he didn't use the precise language of function way result. However, the substance of Dr. Ryan's analysis is to show that it's performing the identical function the same way to achieve the same result. It's the substance of the analysis and not whether he uses magic words that the court should be looking at. And the paragraphs that we've cited in our briefing and throughout each of these paragraphs after he identifies the... I think that we're dealing here with more than just magic words. We're talking about a legal test. And unless the test is accurately set out and stated, then how do we know that the test has been met or not? So he does set forth, and it's not... So there are multiple means plus function elements that were not challenged in the briefing. And in his expert report, and I apologize, I'm not going to be able to give you the insight right now. He does go through that structure analysis, the function way result analysis for each of those means plus function. By the time we get to 1F, which is the last of these means plus function elements, at that point he is doing some shorthand. And he's saying this is the overall structure that corresponds. Then he gives the paragraphs and shows how it corresponds. And then he says to the extent this is not equivalent for literal infringement, it is equivalent for doctrine of equivalence. And then he goes through and explains why. For example, in paragraph 113, he does that equivalence analysis again for the DOE. And he does that for each of the products. It seems to me that he explains the components that you would use in order to show the how. But that argument isn't made. I mean, I don't see that the test is alive in this testimony. I understand, Your Honor. But here, because this is the structures that he's pointing to really are almost identical to their equivalent. I'm not saying they're identical. But they are very close to the structures in ICD. And comparing those that we have in the color-coded, and that Mr. Cote pointed out at pages 20 and 21 of the blue brief, really does show that it is connected exactly the same way. And that evidence is sufficient itself to support a jury determination, even if he didn't say function-weighted at all. Mr. Fenster, Judge Clifton, It seems to me that the problem is that, in addition to the specific structure that you pointed out, the electrical circuits, there's a lot of other things happening in the electrical circuits that may or may not affect the function-weighted result of the pieces of the function that you pointed out. So by not having identified a single structure, we don't know. We just have to assume that all the other electrical activity that's going on, related to the structure you pointed out, we have to assume that that's not having any effect on the function-weighted result. Well, Your Honor, If you identified a specific structure, you would be saying, you would be arguing that there is no interactive effect from the other functions. Two points, Your Honor. First, the court held in IMS, Caterpillar, Cross Medical, Unilock, and Odetics, in all of those cases, there were other structures that performed other functions, and those are not relevant to the analysis here. And at trial, we would develop that testimony that those elements have nothing to do with the performed structure. And Mr. Cote identified the stuff in the red box. That does correspond exactly to the parts of those chips that Dr. Ryan identified in the subsequent paragraph. So these really are demonstrative of his analysis, and it's the comparison of those that gives rise to a genuine issue of fact that a jury could find, even though they are structurally different, even though there are different and additional components. It's still a question of fact that this court has held on in each of those cases that we cited. Okay. I think I heard the bell, or the tone, rather. Do my colleagues have any other questions? No. Okay. Mr. Fisher, I think we've got your argument. If you want to have a short conclusion, a one or two line, that's fine with me. Thank you, Your Honor. Your Honor, we would ask that the court reverse the summary judgment of non-infringement because when you look at the totality of that evidence, there is sufficient evidence to support a jury analysis of structural equivalence. And importantly, the court should reverse the summary judgment that means for providing is indefinite because the specification in the 802 clearly links memory section 612A to the recited function, and the 135 is properly incorporated as a separate alternative independent basis for reversal. And I'll point, Your Honors, to the auto block case, which specifically so held. This incorporation by reference is perfectly in line with section 1.57 and auto block. Okay. We got it. All right. Thank you. This case is now taken in submission.